**23 C.C.P.A.(Patents)**

## In re AMERICAN STEEL & WIRE CO. OF NEW JERSEY.

### Patent Appeal No. 3556.

Court of Customs and Patent Appeals.

Jan. 29, 1936.

Usina & Rauber, of New York City (John E. Jackson, of Pittsburgh, Pa., and E. W. Shepard, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed its application in the United States Patent Office for the registration of a trade-mark claimed to be used by it in connection with the sale of florist wire. This mark consisted of the name "American Steel & Wire Company," arranged as follows, as described by the Examiner: "The name is written in rather conventional lettering in double arcuate form, the word 'American' above and the words 'Steel & Wire Company' below an elliptical paraph of the initial 'A' of the word 'American.'"

The Examiner denied registration on the ground that the name "American Steel & Wire Company" "is the name of a corporation not distinctly displayed." Thereupon the appellant filed its disclaimer as to the words "Steel & Wire Company" apart from the mark as shown. The Examiner then held that the word "American" was the dominating feature of appellant's mark; that the word was geographical; and that the mark could not, therefore, be registered under section 5 of the Trade-Mark Act of February 20, 1905, as amended (15 U.S.C.A. § 85).

The appellant then filed a further attempted disclaimer as to the lettering "merican," apart from the mark as shown.

The Examiner again and finally denied the registration on the ground that the mark was the name of a corporation not distinctively displayed, and again held that the word "American" was geographical and not registrable.

On appeal to the Commissioner, the decision of the Examiner was affirmed. As to the offer to disclaim all but the letter "A" in the word "American," the Commissioner held that he found "no authority holding that parts of words may be disclaimed, and can see no justification for extending the disclaimer doctrine to any such length. Certainly this should not be done in a case such as this, where the result would be a clear evasion of the statutory prohibition against registration of mere names by the simple expedient of disclaiming all but the first letter of a notation otherwise objectionable."

■ We are of opinion the refusal of registration was proper. The rule as to registration of the name of an individual, firm, or corporation, where such name is claimed to be written, printed, impressed, or woven in some particular or distinctive manner, is well stated in Re Nisley Shoe Co., 58 F.(2d) 426, 427, 19 C.C.P.A. (Patents) 1211–1213:

"We are of the opinion that the proper construction of the words 'particular or distinctive manner' in the proviso of section 5 referred to is that the word or words constituting the mark shall be written, printed, impressed, or woven in such a manner as to form a distinct impression upon the eye of the observer, to the extent that he will remember such particular or distinctive form and rely upon it, in part at least, in ascribing origin of the goods to which the mark is applied."

This is the rule of the Patent Office. Ex parte A. Englehard & Sons Co., 1904 C.D. 122, 109 O.G. 1886; Ex parte Marsh, etc., 1929 C.D. 20, 382 O.G. 845; Flanders & Flanders Mfg. Co. v. Studebaker Corp.; 1913 C.D. 246, 197 O.G. 241; Ex parte Alden Co., 1907 C.D. 423, 131 O.G. 2419; Dunlap & Co. v. Jackson & Gutman Co., 1924 C.D. 38, 326 O.G. 469; Ex parte C. S. Marshall Co., 1924 C.D. 88, 328 O.G. 528; Ex parte Dudley Lock Corp., 156 MS.D. 249; Ex parte E. Kahn's Sons Co., 156 MS.D. 604.

The rule has been approved by the Court of Appeals of the District of Columbia (now the United States Court of Appeals for the District of Columbia), our predecessor in this jurisdiction. In re Artesian Mfg. Co., 37 App.D.C. 113; In re Landis Machine Co., 54 App.D.C. 404, 298 F. 1019.

It is quite apparent here that there is nothing in the arrangement or appearance of the mark as originally presented which would make such an impression upon the eye of the ordinary observer as would outweigh the significance of the name "American Steel & Wire Company."

■ After the first disclaimer was filed, the word "American" remained. This word was, plainly, geographical, as held by the Patent Office. In its behalf, the appellant cites the case of Hamilton-Brown Shoe Co. v. Wolf Brothers & Co., 240 U. S. 251, 36 S.Ct. 269, 60 L.Ed. 629, wherein the name, "The American Girl," was held to be a valid trade-mark, and not geographical. This, it is argued, is authority which supports the right of appellant to obtain registration of the trade-mark "American" for use with its sale of florist wire. The cases are not at all the same, and it is thought the differences will be obvious, without further discussion.

■ Finally, as to the second attempted disclaimer, we agree with the Commissioner of Patents that we know of no authority, statutory or otherwise, which authorizes or approves the practice of disclaiming a part of a word or certain letters thereof. Although the practice of filing a disclaimer to part of a mark, while continuing to use the whole of the same, has been approved by the courts, it should not be further extended.

Appellant seeks to justify the registration of its mark by referring to the action of the Patent Office in Ex parte Atlantic Refining Co., 159 MS.D. 87, wherein the mark "Safety-Kleen" was permitted to be registered as a trade-mark for liquid dry cleaner. What the office may have done in other cases cannot be held to be conclusive upon the court in the case now before us, and does not affect the principles of law involved.

The decision of the Commissioner of Patents is affirmed.

Affirmed.